# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2013

No. 12-10672
Summary Calendar

Lyle W. Cayce
Clerk

SUNSHINE STORES, INCORPORATED et al.,

Plaintiffs-Appellants,

v.

ERIC H. HOLDER, JR., U.S. Attorney General et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:09-cv-1352-G

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants, Sunshine Stores, Inc., Ramzan Ali ("Mr. Ali"), and Munira Ramzan Ali ("Ms. Ali") appeal the district court's grant of summary judgment to Defendant-Appellee, U.S. Citizenship and Immigration Services ("USCIS").

In short, the Alis entered the United States as B-2 single-entry visitors on October 12, 2003. Their visa was to expire on April 11, 2004. On April 2, 2004,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10672

the Alis submitted an I-539 application ("I-539 #1") for extended, temporary, non-immigrant status through October 10, 2004.

While this application was pending, Sunshine Stores submitted an I-129 petition, requesting that Ms. Ali's status be changed from non-immigrant B-2 visitor to non-immigrant H1-B worker through October 1, 2007. Concurrently, Mr. Ali submitted a second I-539 application ("I-539 #2") for reclassification as a non-immigrant H-4 dependent through October 1, 2007. Sunshine Stores represented that Ms. Ali would work as its accountant, which it characterized as a "specialty occupation" within the meaning of 8 U.S.C. § 1184(i)(1)(A)-(B) and 8 C.F.R. § 214.2(h)(4)(iii)(A) (enumerating a four-element disjunctive test).

On August 30, 2004, USCIS denied the Alis' I-539 #1 application because, among other reasons, the submission of Sunshine Stores's I-129 petition demonstrated that the Alis' stay in the United States would not be temporary. USCIS explained that the Alis' actions "strongly suggest[] that through [their] attorneys, [they] submitted [their] applications primarily to circumvent the immigration laws of the United States."

On September 1, 2004, USCIS denied the I-129 petition, and the contingent I-539 #2 application, because the specific position of accountant for Sunshine Stores was not a cognizable "specialty occupation."

Plaintiffs-Appellants exhausted their administrative appeals, and filed this suit on July 17, 2009. They raised only two issues: whether the specific position of accountant for Sunshine Stores is a "specialty occupation" under 8 C.F.R. § 214.2(h)(4)(iii)(A)'s four-element disjunctive test, and whether USCIS's decision to deny the I-539 #1 application was arbitrary and capricious.

The district court granted summary judgment to Defendants-Appellees on May 21, 2012. Plaintiffs-Appellants timely appealed.

After reviewing the record, the applicable statutory and case law, and the district court's summary judgment and reasoning, we AFFIRM the district

No. 12-10672

court's judgment and adopt its analysis in full. To the extent Plaintiffs-Appellants raise additional arguments on appeal that were not before the district court, we will not consider them. *See Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (citation omitted).